## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

BRUCE ALLEN ECHOLS                                    PETITIONER

VS.                        CASE NO.: 5:16-CV-321-BSM-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                     RESPONDENT

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

Chief Judge Brian S. Miller.  Mr. Echols may file written objections with the Clerk of

Court within fourteen (14) days of filing this Recommendation.  Objections must be

specific and must include the factual or legal basis for the objection.  An objection to a

factual finding must identify the finding of fact believed to be wrong and describe the

evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Miller can adopt this Recommendation without independently

reviewing the record.

### II.   Background

Bruce Allen Echols was convicted in the Saline County Circuit Court of four

counts of aggravated robbery and was sentenced to four concurrent thirty-year prison

terms.  *Echols v. State*, 2015 Ark. App. 304.  On appeal, Mr. Echols argued that his arrest

was pretextual and not supported by probable cause.  He urged the court of appeals to find that his arrest was illegal.  *Id*. at *1.  He further argued that, because he was illegally arrested, the trial court erred in denying his motion to suppress his custodial statements as well as physical evidence obtained pursuant to a search warrant that was based, in part, on the custodial statements.  *Id*. at *1-2.  He claimed that all of the evidence should have been excluded as fruit of the poisonous tree.  *Id*. at *2.

The Arkansas Court of Appeals conducted a *de novo* review based on the totality of the circumstances and affirmed.  *Id*.  It held that the trial court's ruling that the arrest was not pretextual was not clearly against a preponderance of the evidence.  It found, based on the testimony of Officer Bigelow, that the trial court reasonably concluded that Mr. Echols would have been lawfully arrested on an outstanding misdemeanor warrant even if he had not been suspected of the robbery.  *Id*. at *8-9.  The Court of Appeals also found that probable cause supported the search warrant that allowed police to search for firearms, clothing, money, money bands, and bank bags in the mobile home shared by Bruce and Terry Echols.  *Id*. at *10-11.  The Court of Appeals, therefore, upheld the trial court's denial of Mr. Echols's motion to suppress the items seized in the search.  *Id*.  at *11.  Mr. Echols did not petition the Arkansas Supreme Court for review of that decision.

Mr. Echols filed a Rule 37 petition with the trial court claiming that both his trial counsel and his appellate counsel were ineffective in litigating the factual and legal issues surrounding his arrest and the subsequent search of his residence.  *Echols v. State*, 2016

Ark. 225, *2.  The trial court denied relief without a hearing.  *Id*.  Relying on *Coulter v. State*, 343 Ark. 22 (2000), the trial court concluded that the ineffective-assistance claims based on counsel's failure to successfully challenge the arrest as pre-textual and the search of his residence as unsupported by probable cause could not be reargued in a Rule 37.1 petition because those matters had already been litigated at trial and on direct appeal. *Id*.

After filing a notice of appeal, Mr. Echols filed a motion asking the trial court to modify it order denying his Rule 37.1 petition by addressing his claims within the context of his ineffective assistance of counsel allegations.  *Id*.  The trial court denied the motion to modify, noting that it had addressed all claims raised in the petition.  The trial court further ruled that, "[t]o the extent the court did not rule on any pending issue, argument, petition, or motion, the Court denies all as without merit."  *Id*. at *2-3.  Mr Echols did not file an amended notice of appeal to include the trial court's ruling on his motion to modify.  *Id*. at *3.  Accordingly, the Arkansas Supreme Court ruled that it was precluded from reviewing the trial court's decision on the motion to modify.

On appeal, Mr. Echols raised and argued these issues:

1. The trial court erroneously dismissed his Rule 37.1 petition based on the doctrine of "law of the case."

2.   Trial counsel was ineffective for overlooking crucial facts and failing to make relevant legal arguments that would have conclusively established that his arrest was pretextual.

3.   Trial counsel was ineffective for failing to challenge the "perjured" testimony of the arresting officer, who testified about his arrest and a statement made by Mr. Echols's brother.

4.   Trial counsel was ineffective for allowing the prosecutor to argue that the arrest was valid under *Stephen v. State*, 342 Ark. 151 (2000).

5.   The trial court erred by denying the petition for post-conviction relief without a hearing.

6.   Trial counsel was ineffective for failing to argue that the search warrant affidavit did not establish that contraband had been personally observed at the residence to be searched and that the affidavit lacked a sufficient time reference.

7. The search warrant affidavit did not demonstrate the reliability of the informant.[1]

8. Trial counsel was ineffective for failing to argue that defects in the search warrant affidavit were so egregious that the good-faith exception to the exclusionary rule did not apply to the search of his residence.

---

[1]The Arkansas Supreme Court did not address this argument because it found that it was not raised in Mr. Echols's Rule 37 petition.  *Echols*, 2016 Ark. at 11-12.

4

9.  Trial counsel was ineffective for allowing the prosecutor to bolster the search

warrant affidavit with information from testimony presented at the suppression

hearing.

(#12-7) *Echols*, 2016 Ark. at *4 -13.  The Arkansas Supreme Court affirmed the trial

court's denial of post-conviction relief.  *Id*. at 13.

In his habeas petition, Mr. Echols complains generally that the decisions of the

State's trial and appellate courts were contrary to the evidence presented.  (#2 at 21,

Petitioner's Ground 4)  Specifically, Mr. Echols raises the following claims:

1.  Officer Bigelow's false testimony led to his false arrest and conviction.  (#2 at

5, Petitioner's Ground 1)

2.  Trial counsel was ineffective for failing to protect his Sixth Amendment right to

confront witnesses when counsel failed to point out Officer Bigelow's inconsistent

testimony.  (#2 at 6, Petitioner's Ground 1A)

3. The trial was tainted by prosecutorial misconduct in failing to correct false

testimony.  (#1 at 6-7, Petitioner's Ground 1B)

4.  The trial court erred by not suppressing evidence obtained by an

unconstitutional search and seizure of evidence without probable cause.  (#2 at 8-

10, Petitioner's Ground 2)

5.  Trial counsel was ineffective by failing to object when the Court looked outside the affidavit to find probable cause to obtain a search warrant.  (#2 at 11, Petitioner's Ground 2)

6.  The trial court abused its discretion by relying on facts outside the affidavit to find probable cause to issue the search warrant.  (#2 at 12, Petitioner's Ground 2A)

7.  The trial was tainted by prosecutorial misconduct when the prosecutor went beyond the affidavit to "fill in needed missing facts."  (#2 at p. 13-14, Petitioner's Ground 2B)

8.  The search warrant affidavit violated *Franks v. Deleware*, 438 U.S. 154 (1978), because it contained a false statement and a critical omission.  (#2 at 15, Petitioner's Ground 2C)

9.  He was denied due process because a complete record of the interrogation was not included in the transcript on appeal of the denial of this Rule 37 petition.  (#2 at 16, Petitioner's Ground 2D)

10.  Trial counsel was ineffective for failing to investigate facts or pertinent laws. (#2 at 17, Petitioner's Ground 2E)

11.  He was denied due process because the trial court denied the ineffective assistance of counsel claims raised in his Rule 37 petition.  (#2 at p. 20, Petitioner's Ground 3)

Respondent Kelley counters that Mr. Echols procedurally defaulted claims 3, 7, 9, 10, and, if cognizable, 11. (#12 at 6-10) She further contends that Mr. Echols has not sufficiently alleged cause or actual innocence so as to excuse his procedural default. (#12 at 10) She also argues that Mr. Echols's ineffective assistance of trial counsel claims (Grounds 2, 5, and 10) lack merit because the Arkansas Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law. (#12 at 10-12) Finally, Ms. Kelley contends that Mr. Echols's Fourth Amendment claims (Grounds 1, 4, and 8) are barred under *Stone v. Powell*, 428 U.S. 465, 482 (1976), because the State provided Mr. Echols with a mechanism to present his Fourth Amendment claims in state court. (#12 at pp. 13-14)

III. **Discussion**

A. **Arrest and Search**

Mr. Echols complains that Officer Bigelow's false testimony led to his illegal arrest; that his home was illegally searched and evidenced seized under a search warrant that contained "a false statement" and "lacked probable cause"; and that the search warrant violated *Franks v. Deleware*, 438 U.S. 154 (1978). These claims are all barred under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that, where a state prisoner has been afforded an opportunity to fully and fairly litigate a Fourth Amendment claim, he will not be granted federal habeas corpus relief on grounds that the evidence obtained in

7

an unconstitutional search or seizure was introduced at his trial.  *Stone*, 428 U.S. at 494.

The Eighth Circuit has extended *Stone* to cases where petitioners challenge their arrests.

See *Carlson v. State of Minnesota*, 945 F.2d 1026 (8th Cir. 1991) (relying on Stone to

reject petitioner's challenge that his arrest lacked probable cause); *Gregory v. Wyrick*, 730

F .2d 542 (8th Cir. 1984) (same).

Mr. Echols fully litigated his Fourth Amendment claims relating to his arrest and

the search warrant used by officers to search his home.  Trial counsel for Mr. Echols

brought a motion to suppress; and on direct appeal, Mr. Echols challenged the trial court's

denial of his motion to suppress to the Arkansas Court of Appeals, which affirmed.

*Echols*, 2015 Ark. App. at *9-11.  Mr. Echols's claims related to his arrest and the search

warrant cannot be heard in this federal habeas case.

**B.     Due Process**

Mr. Echols raises two due process claims in his petition.  First, he claims he was

denied due process because a complete record of his interrogation was not included in the

transcript of his appeal of the denial of his Rule 37 petition to the Arkansas Supreme

Court.  Second, he claims that the trial court and Arkansas Supreme Court improperly

denied his ineffective assistance of counsel claims related to the arrest and search warrant

on grounds that the claims are required to be raised on direct appeal and were decided by the Arkansas Court of Appeals.[2]  (#2 at 15, 20)

Mr. Echols's claims that relate to post-conviction proceedings cannot be addressed in a federal habeas petition.  Alleged errors in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction.  In other words, a defect in the State post-conviction proceeding does not render Mr. Echols's detention unlawful or raise a constitutional question that can be raised in this habeas corpus  proceeding.  *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981); see also *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997); *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994).  Accordingly, Mr. Echols's due process claims (9 and 11) are not cognizable.

## C.    Procedural Default

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to every appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); 28 U.S.C. § 2254(b) and (c).  And the petitioner's federal habeas claims must rely

---

[2]Even if Mr. Echols's due process claims were cognizable in this habeas petition, he has procedurally defaulted both claims because he failed to exhaust either claim with the state courts.  See *Echols*, 2016 Ark. at 4,13 (court denied as moot Mr. Echols's motion for transcript to expand the record to include a complete transcript of his interrogation to counter the State's inevitable discovery argument, based on the Court of Appeals's determination that the search warrant was supported by probable cause).

on the same factual and legal bases raised in the state courts. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citations omitted). Claims raised in a federal habeas petition that were not exhausted through state court proceedings, even if there is no remaining state court remedy, are deemed defaulted.

### 1.    Prosecutorial Misconduct

Mr. Echols alleges prosecutorial misconduct because: prosecutors failed to correct testimony that was false; prosecutors introduced evidence outside the search warrant affidavit at the suppression hearing to bolster probable cause; and prosecutors failed to disclose exculpatory evidence. Mr. Echols procedurally defaulted these claims.

Under Arkansas law, claims of prosecutorial misconduct at trial must be brought on direct appeal. *Howard v. State*, 367 Ark. 18, 27 (2006). Claims of prosecutorial misconduct are not cognizable in a Rule 37.1 petition. *Lowe v. State*, 2012 Ark. 185, 5, (2012). Mr. Echols raised two claims on direct appeal and did not assert prosecutorial conduct in either claim. Accordingly, he did not exhaust his state remedies with respect to the claims of prosecutorial misconduct raised in his petition.

### 2.    Cause to Excuse the Default

The doctrine barring procedurally defaulted claims is not without exception. Mr. Echols argues that the Court should apply the exception set forth in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and address the merits of his defaulted claims. (#2 at 7, 19) In *Martinez*, the United States Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial review proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

In *Sasser v. Hobbs*, 735 F.3d, 833, 853 (2013), the Eighth Circuit held that Arkansas's post-conviction appeal process, "as a systematic matter," does not afford indigent defendants a "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal. *Id*. (quoting *Trevino v. Thaler*, 569 U.S. __, 133 S.Ct. 1911, (2013)). The rule announced in *Martinez* and *Sasser*, however, can only be invoked to excuse default of ineffective assistance of counsel claims. Here, the issue is defaulted prosecutorial misconduct claims, so *Martinez* and *Sasser* do not apply.

 Mr. Echols may still overcome procedural default, however, if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).[3] Under the cause and prejudice standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).

---

[3] Mr. Echols does not claim actual innocence, so the possibility of a fundamental miscarriage of justice is not at issue in this case.

Mr. Echols has not alleged that he was impeded from exhausting his prosecutorial misconduct claims.  But even if Mr. Echols could establish cause for defaulting those claims, he could not establish prejudice.  Mr. Echols alleges that the prosecutor engaged in misconduct for failing to correct Officer Bigelow's "false testimony" and for offering testimony at the suppression hearing that supplemented facts included in the search warrant affidavit with facts allegedly needed to establish probable cause.  (#2 at 6, 13)  The Arkansas Supreme Court addressed whether Mr. Echols was prejudiced by Officer Bigelow's testimony in the context of Mr. Echols's ineffective assistance of counsel claims and found that he could not demonstrate that he was prejudiced by the testimony.  The Court found that Officer Bigelow's alleged "false" testimony was only relevant to the issue of probable cause for an arrest, an issue that was rendered moot when the trial court concluded that the arrest was not pretextual.  *Echols*, 2016 Ark. at *8 (citing *Echols*, 2015 Ark. App. 304, at 9, 462 S.W.3d at 357.

The Arkansas Supreme Court also addressed Mr. Echols's claim that he was prejudiced by his counsel's failure to attack the affidavit supporting the search warrant and rejected the claim of prejudice based on the finding of the Court of Appeals that the search warrant affidavit was sufficient to establish probable cause.  *Id*. at 10 (citing *Echols*, 2015 Ark App. at 10-11)  Similarly, here Mr. Echols cannot establish that he was prejudiced by testimony prosecutors offered at the suppression hearing that supported

probable cause for the search warrant, because the Court found that the search warrant affidavit, on its face, was sufficient to establish probable cause.

Mr. Echols cannot establish prejudice from the prosecutor's failure to correct Officer Bigelow's testimony or from the prosecutor's presentation of testimony at the suppression hearing. Accordingly, he cannot overcome his procedural default of these claims.

**D.      Ineffective Assistance of Counsel**

Because Mr. Echols exhausted his ineffective assistance of counsel claims, the Court will address the merits of those claims. A federal court can grant a writ of habeas corpus to a state prisoner only where a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or if the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief can be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). The Court must presume that the state court's factual findings are correct, and it is Mr. Echols's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

A criminal defendant's Sixth Amendment right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of

13

reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).   To prevail on his habeas corpus claim based on ineffective assistance of counsel, Mr. Echols must show:  (1) trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) there is a reasonable probability[4] that the outcome would have been different but for the substandard performance of trial counsel.  See *Strickland*, 466 U.S. at 687–94.

The Court's scrutiny of defense counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct fell within the "wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006)).

Mr. Echols claims that his trial counsel was ineffective by failing to point the Court to Officer Bigelow's inconsistent testimony, by failing to object to the affidavit offered in support of the search warrant, and by failing to investigate facts or pertinent laws.

1.     Officer Bigelow's Testimony

---

[4] A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Wiggins v. Smith*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694).

On appeal of the denial of his Rule 37 petition, Mr. Echols alleged that trial counsel failed to challenge Officer Bigelow's "perjured" testimony. *Echols*, 2016 Ark. at *6. Mr. Echols argued that counsel was ineffective for failing to point out two inconsistencies:  first, that Bigelow testified on direct examination that he saw the arrest warrant the day before Echols's arrest, but conceded on cross-examination that he had not actually seen the warrant itself, but rather saw a folder bearing Echols's name; and (2) that Bigelow testified on direct examination that Terry Echols told officers that he did not know whether his brother Bruce was involved in the robbery, but on cross-examination, testified that Terry said he believed Bruce was involved in the robbery. *Id*. at *6-7.

The Arkansas Supreme Court assessed Mr. Echols's ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). It found that the alleged inconsistencies in Bigelow's testimony did not rise to the level of perjury, and that the testimony Mr. Echols pointed to was wholly irrelevant to a determination that the arrest was pretextual. *Id*. at 7.

Under Arkansas law, the crucial question in a pretextual-arrest context is whether the arresting officer would have executed the full custodial arrest "but for" a suspicion that the arrestee was involved in another, more serious crime. *Id*. (citing *State v. Sullivan*, 348 Ark. 647, 656-57, 74 S.W.3d 215, 221, (2002)). On this issue, Officer Bigelow testified that Mr. Echols would have been arrested on an outstanding warrant even if he had not become a suspect in the robbery. *Id*. Based on this testimony, the trial court and

the court of appeals found that the arrest was not pretextual. *Id*. (citing *Echols*, 2015 Ark. App. 304, at 8).

The state court finding that Mr. Echols was not prejudiced by his counsel's failure to point out the alleged inconsistencies in Officer Bigelow's testimony was not contrary to established federal law or based on an unreasonable determination of the facts in light of the evidence presented.

2.      Search Warrant Affidavit

Mr. Echols complains that his trial counsel was ineffective for failing to object when the Court heard facts beyond those in the affidavit to find probable cause for the warrant to search the Echols house. The Arkansas Supreme Court addressed this complaint and found that the supplemental testimony that Mr. Echols objected to was testimony that Bruce lived with his brother, Terry Echols. *Echols*, 2016 Ark. at *12. The Court reviewed the affidavit and found that the first paragraph affirmed that the address of the residence to be searched was occupied by both Terry and Bruce Echols, and that this was reliable information supplied by investigating officers based on statements made by Terry Echols when he was initially stopped and questioned. *Id*. at *12-13. The Arkansas Court concluded that the trial court had not relied on facts outside the affidavit to find probable cause and that counsel had not erred in failing to object. The Arkansas Supreme Court's determination was not contrary to the evidence presented and was not an unreasonable application of *Strickland*.

16

3.      Failure to Investigate the Facts and Law

Finally, Mr. Echols contends his trial counsel failed to properly investigate facts or law pertinent to the defects in the search warrant affidavit. (#2 at 17-18) Mr. Echols insists that his counsel should have called Officer Ramsey to testify at the suppression hearing. According to Officer Ramsey's incident report, he ran Terry Echols's drivers license through the ACIC. Mr. Echols questions, "why counsel dose [sic] not have this information or did not use it, is ineffective counsel, this information kills any chance of probable cause." (#2 at 17) Mr. Echols further contends his counsel should have called Detective Don Robertson who was "present at the hearing, is not called to testify on a matter he instigated and has first hand knowledge of, and lets the court make presumptions from speculations on the issue to form its decision." (#2 at p. 18)

The Arkansas Supreme Court found no fault in trial counsel's failure to challenge the search warrant affidavit on grounds that contraband had not been personally observed at Mr. Echols's residence because there is no such requirement to establish probable cause in Arkansas. Likewise, the Arkansas Court found no fault in trial counsel's failure to challenge the affidavit for lack of a sufficient time reference because it found there were adequate time references in the affidavit. Finally, the Arkansas Court found that trial counsel was not ineffective for failing to argue against the good-faith exception to the exclusionary rule because the trial court had appropriately concluded that the warrant was supported by probable cause. *Echols*, 2016 Ark. at *10-12.

17

Mr. Echols's allegation that additional investigation would have led to a finding that the search warrant was not supported by probable cause is vague and conclusory.  He has not established how additional investigation into Officer Ramsey's report, the drivers license, or Detective Robertson would have resulted in the trial court finding a lack of probable cause to support the search warrant.

Mr. Echols's counsel moved to suppress the evidence seized pursuant to the search warrant.  (#12-2 at 73)  Counsel argued that the search warrant affidavit did not establish probable cause to search Bruce Echols's house.  (#12-2 at 76)  At the suppression hearing, Mr. Echols's counsel cross examined both Officer Ramsey and Detective Don Robertson.  (#12-2 at 122-134, 152-175)

Counsel questioned Detective Robertson about the search warrant affidavit and particularly paragraph six of the affidavit, where it recounts Bruce Echols's statement that he took $100 from his brother Terry's wallet.  (*Id*. at 166-69)  Detective Robertson stated that he remembered Bruce Echols's statement, during questioning, that he had taken money out of his brother's wallet.  Counsel called Bruce Echols to testify at the suppression hearing, and he stated that the statement in the affidavit, that he took money from his brother's wallet, was not true.  (*Id*. at 214)  The trial court directly addressed this argument and found that the statement in the affidavit was a reasonable "conclusion based

18

upon several statements that Bruce Echols made that he took approximately $100 from Terry Echols wallet on that Thursday night."[5]  (#238 at 614)

The Court of Appeals affirmed the trial court's finding of probable cause.  *Echols*, 2015 Ark. App. at *10-11.  It found that Bruce's arrest was lawful and therefore, contrary to his argument, any custodial statements he made to the police could lawfully be contained in the affidavit supporting probable cause for issuing the search warrant.

Mr. Echols has not established that his trial counsel's investigation of the search warrant affidavit was deficient or that there is a reasonable probability that the outcome would have been different if counsel had investigated further.  The state courts' decisions were not contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, Mr. Echols's ineffective assistance of counsel claims should be denied.

## IV.   Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Echols has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Echols has not provided a basis for the Court to

---

[5]The trial court had reviewed the entire video of Detective Robertson's interview with Mr. Echols prior to the suppression hearing.  (#12-2 at p. 152)

issue a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

## V.    **Conclusion**

Mr. Echols's claims for habeas relief lack merit.  The Court recommends that Mr. Echols's petition for writ of habeas corpus (#2) be denied and dismissed, with prejudice. The Court further recommends that no certificate of appealability be issued.

IT IS SO ORDERED, this 29th day of December, 2016.


_____
UNITED STATES MAGISTRATE JUDGE